IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02416-BNB

MAURICE LAJUAN THOMPSON,

    Applicant,

v.

UNITED STATES,

    Respondent.

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

    Maurice Lajuan Thompson, currently is incarcerated at the Mesa County Detention Facility in Grand Junction, Colorado. He initiated this action on August 29, 2014 by submitting an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and "Motion to Proceed for Leave to Proceed In Forma Pauperis." It is unclear whether Applicant is challenging the execution of a sentence, or whether he is challenging the validity of his state conviction and sentence.

    "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). By contrast, 28 U.S.C. § 2254 habeas proceedings are used to collaterally attack the validity of a conviction and sentence." *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). If Mr. Thompson is attempting to challenge the execution of his state court sentence, the claims must be

asserted in a habeas corpus application pursuant to § 2241.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  If Mr. Thompson is attempting to challenge the validity of his state court conviction and sentence, the claims must be asserted in a habeas corpus application pursuant to § 2254.  *See id.*

Furthermore, pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the detained person.  Therefore, Applicant is directed to name as Respondent the custodian of the facility where he is incarcerated.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this order.  Applicant will be directed to cure the following if he wishes to pursue his claims.  Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (necessary if filing a habeas corpus application)
(4)  _X_  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing an original signature by the prisoner
(7)  _X_  is not on proper form (must use the Court's current form)
(8)  __  names in caption do not match names in caption of complaint, petition or habeas application
(9)  _X_  other: Applicant may pay the $5.00 filing fee instead of submitting a § 1915 Motion and Affidavit.

**Complaint, Petition or Application**:

(10)  __  is not submitted

2

(11) ___ is not on proper form (must use the court's current form)
(12) ___ is missing an original signature by the prisoner
(13) ___ is missing page nos. ___
(14) ___ uses et al. instead of listing all parties in caption
(15) ___ names in caption do not match names in text
(16) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) _X_ other: if challenging the execution of a sentence, Applicant shall use the § 2241 application; if challenging the validity of a conviction and sentence, Applicant shall use the § 2254 application.

Accordingly, it is

ORDERED that Applicant cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in curing the designated deficiencies. It is

FURTHER ORDERED that Applicant also obtain with the assistance of his case manager or the facility's legal assistant the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 if Applicant is challenging the execution of his sentence or an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 if Applicant is challenging the validity of his conviction and sentence, and use the appropriate form in filing the habeas corpus application.

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, this action will be dismissed without further notice. The dismissal shall be without prejudice.

4

DATED: September 2, 2014, at Denver, Colorado.

                                                    BY THE COURT:

                                                   s/ Boyd N. Boland
                                                   United States Magistrate Judge