IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02416-BNB

MAURICE LAJUAN THOMPSON

    Applicant,

v.

UNITED STATES,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Maurice LaJuan Thompson, is an inmate at the Mesa County Detention Facility in Grand Junction, Colorado. Mr. Thompson initiated this action by filing *pro se* a "Motion to Proceed for Leave to Proceed In Forma Pauperis" (ECF No. 2) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). This civil action was commenced and, on September 2, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Thompson to cure certain deficiencies if he wished to pursue any claims. Magistrate Judge Boland specifically advised Mr. Thompson that the *in forma pauperis* motion was not on the proper, court-approved form, that he failed to submit a certified copy of his inmate trust fund account statement showing his current balance, and that the proper respondent in a habeas corpus action is the custodian of the facility where Mr. Thompson is incarcerated. Magistrate Judge Boland also found that it was unclear whether Applicant was challenging the execution of his sentence, or whether he was challenging the validity of his state conviction and

sentence. In the September 2 order, Magistrate Judge Boland advised Mr. Thompson that if he is attempting to challenge the execution of his state court sentence, the claims must be asserted in a habeas corpus application pursuant to § 2241. If Mr. Thompson is attempting to challenge the validity of his state court conviction and sentence, the claims must be asserted in a habeas corpus application pursuant to § 2254. Mr. Thompson was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On September 19, 2014, Mr. Thompson filed a Motion to Suppress Tangible Evidence (ECF No. 5), Motion to Leave to Proceed Without Prepayment of Costs or Fees (ECF No. 6), Motion to Rule 60(b) (ECF NO. 7), and Affidavit of Notice of Default (ECF No. 8). None of these documents were filed on the court-approved forms and none cured the deficiencies set forth in Magistrate Judge Boland's September 2 order. Therefore, the action will be dismissed without prejudice for failure to cure deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Thompson files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas application and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Thompson has failed to cure the deficiencies as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   9th   day of    October       , 2014.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court